IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH D. BARMORE, <br><br>    **Plaintiff,** <br><br>v. <br><br>CHIEF ADMINISTRATIVE OFFICER/WARDEN, DR. P. MYERS, HCUA TAMMY STEVENS, M. FOUREH, ROB JEFFREYS, MARYANN SCHUTT, AGENCY MEDICAL DIRECTOR, and PRISON MEDICAL DIRECTOR, <br><br>    **Defendants.** | Case No. 24-cv-1442-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

    Plaintiff Keith D. Barmore, a former inmate of the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Vienna Correctional Center. In the Complaint, Barmore alleges the defendants acted with deliberate indifference to his need for a back brace, in violation of the Eighth Amendment. Because Barmore was not in custody at the time he filed his Complaint, the Complaint is not subject to preliminary review pursuant to 28 U.S.C. § 1915A. Barmore, however, has filed a motion for leave to proceed *in forma pauperis* (Doc. 2) which subjects his Complaint to review pursuant to 28 U.S.C. § 1915(e)(2).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After a review of Barmore's motion to proceed *in forma pauperis,* which includes his income and monthly expenses, the Court finds that Barmore is indigent. He receives only a small amount of income per month in disability benefits (Doc. 2, p. 1).

This does not end the Court's inquiry. Section 1915(e)(2) requires the Court to review the Complaint and dismiss it if it fails to state a claim. *See also DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In reviewing the Complaint, the Court employs the same standard as Federal Rule of Civil Procedure 12(b)(6). *Id*. Because Barmore is proceeding *pro se*, the Court liberally construes his pleadings, accepting all factual allegations as true. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

## The Complaint

Barmore makes the following allegations: On May 2, 2022, after arriving at Vienna Correctional Center, Barmore saw Dr. P. Myers (Doc. 1, p. 7). During the appointment, Barmore was wearing his black back brace that was issued to him at Dixon Correctional Center. Prior to arriving at Vienna, Barmore had a permit for a back brace and bottom bunk permit. Both permits had no stop date on them (*Id.*). Dr. Myers' questioned Barmore

about the back brace, where he received the brace, why he had it, and when it was issued. Barmore informed Dr. Myers that the brace was issued to him while at Dixon to help stabilize his back when it felt weak (*Id*.).

Dr. Myers ordered an x-ray of Barmore's back and directed him to return when the x-rays were completed. On May 16, 2022, Barmore again saw Dr. Myers to review the x-ray results. Dr. Myers stated the x-rays showed only mild arthritis. As a result, Dr. Myers indicated he would not renew the back brace permit or the bottom bunk permit (*Id*.). Barmore informed Dr. Myers that he was a disabled veteran with numerous issues, including issues with his right Achilles, knee, a frozen left shoulder, and sciatic nerve problems in his lower back (*Id*.). But Dr. Myers refused to renew Barmore's permits.

Barmore wrote a grievance about his discontinued permits, but he believes that grievance officials lied about the dates he received his brace and low bunk permit (*Id*. at pp. 7-8). On June 7, 2022, a nurse practitioner temporarily issued Barmore a low bunk permit for one year, but his back brace permit was not renewed (*Id*. at p. 8). Barmore had to return his back brace on August 4, 2022, or face possible time in segregation (*Id*.).

Barmore submitted another emergency grievance pleading with Dr. Myers to return his back brace as it was the only assistive device that worked for his back injury in the 25 years he was in prison (*Id*. at p. 8). Without his back brace, his lower back had severe pain and his back felt like Jello, with no muscles to support his back (*Id*.). Pain medication did not help his pain; only the back brace provided Barmore with stability and relieved his pain (*Id*.). His grievances requesting the return of his back brace and an

MRI of his back was denied by the chief administrative officer and the administrative review board (*Id*. at pp. 8-9).

On May 26, 2023, a nurse practitioner examined Barmore and ordered him a back brace (*Id*. at p. 9). Despite being approved for a back brace, Barmore alleges there were delays in obtaining the brace. In October 2023, Barmore wrote a grievance about the delays, noting that MaryAnn Schutt, the staff member in charge of ordering medical supplies at Vienna, indicated that she ordered the back brace, but Barmore had still not received the brace by August 2023 (*Id*. at p. 9).

On August 23, 2023 Barmore injured himself while working in the dietary when he slipped on a wet floor (*Id*.). His sciatic nerve and lower back were irritated, and he needed the back brace to stabilize his back and stop the spasms he experienced after the fall (*Id*.). Barmore went to the healthcare unit for treatment for his back and asked about the status of his back brace. A nurse told him she spoke with MaryAnn and she had reordered the back brace because it was never received (*Id*.). Barmore met with Healthcare Unit Administrator Tammy Stevens on August 28, 2023 and again on September 15, 2023 (*Id*. at p. 10). On September 15, 2023, Barmore learned that the back brace had been ordered but the "supply people" did not have Barmore's size (*Id*.). But Barmore maintains he had already been measured for the back brace. Stevens told Barmore to submit another request to her if he did not receive the brace by September 22, 2023 (*Id*.). Barmore wrote another request to Stevens and finally received the back brace on October 24, 2023 (*Id*.).

After his release from IDOC custody in January 2024, Barmore sought care from the local Veterans Affairs Hospital (*Id.* at p. 11). He alleges that the treatment there has revealed that the nurse practitioner was correct in re-ordering the back brace after it was confiscated by Dr. Myers (*Id.*).

Barmore also alleges that the Chief Administrative Officer, the Medical Director at the prison, the Agency Medical Director, and Rob Jeffreys improperly denied his grievance regarding his need for a back brace (*Id.* at p. 11).

## **Preliminary Dismissals**

Simply put, Barmore fails to state a claim against grievance officials, including the Chief Administrative Officer/Warden, the Medical Director at the prison, the Agency Medical Director, and Rob Jeffreys. Barmore alleges that these grievance officials denied his grievances regarding his delays in care, causing additional delays. The simple denying of a grievance, however, does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Barmore's claim against the grievance officials is **DISMISSED without prejudice**.

Barmore also fails to state a claim against Tammy Stevens, MaryAnn Schutt, and M. Foureh. Barmore lists Foureh in the case caption and notes that she is healthcare staff, but fails to include any specific allegations against her in the statement of his claim. Thus, Foureh is **DISMISSED without prejudice**. As to MaryAnn Schutt and Tammy Stevens, Barmore notes that there were delays in receiving his back brace after it was ordered.

5

Schutt was in charge of ordering the brace and Barmore spoke to Stevens on several occasions about the status of the ordered brace. To state a viable claim for deliberate indifference, a plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendants acted with deliberate indifference to his medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). But there is simply no evidence of deliberate indifference on the part of Stevens or Schutt. Although an inmate need not show that the individual literally ignored his complaints, he must show that the individual was aware of the serious medical condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Here, Barmore points out that Schutt ordered the brace, reordered the brace when it was not delivered to the prison, and acted to locate a brace for Barmore. Similarly, Stevens met with Barmore, checked on the status of the back brace, and directed Barmore to follow-up if he did not receive the brace. The allegations suggest that both staff members acted to obtain a back brace for Barmore. Nothing in the Complaint suggests that they knowingly or recklessly disregarded his request for a back brace. Thus, the claim against Stevens and Schutt is also **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:**   **Eighth Amendment deliberate indifference claim against Dr. P. Myers for discontinuing Barmore's permits and confiscating his back brace.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Barmore states a viable claim against Dr. Myers for discontinuing Barmore's permits and confiscating his back brace. Barmore alleges that it was clear he needed the back brace for his serious back injury, but Myers ended his indefinite permits and took the brace from Barmore. He was unable to obtain another brace until over a year later. During that time, Barmore suffered from pain and muscle weakness. At this stage, that is enough to state a viable claim against Dr. Myers.

## Pending Motions

As to Barmore's motion for counsel (Doc. 3), he attaches letters from attorneys declining to take his case. But Barmore does not indicate why he needs counsel in this case. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Counsel is not needed at this time because Defendant

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

7

Dr. Myers has not yet been served nor is there anything pending that would require the assistance of counsel. Thus, Barmore's motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, Barmore's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. Count 1 shall proceed against Dr. P. Myers. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Dr. P. Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Barmore. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Barmore, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**. Because Barmore's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA protective order.

If judgment is rendered against Barmore, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Barmore is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: July 8, 2024.

                                           */s/ Reona J. Daly*
                                           REONA J. DALY
                                           U.S. Magistrate Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your

Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**