IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEITH D. BARMORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-01442-RJD |
| | ) |
| **PERCY MYERS, M.D.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's various motions. Plaintiff Keith D. Barmore, a former inmate of the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Vienna Correctional Center. (Doc. 10, p. 1). After review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), Barmore was allowed to proceed on an Eighth Amendment deliberate indifference claim against Dr. P. Myers for discontinuing Barmore's permits and confiscating his back brace.

**Plaintiff's Motion for Reconsideration (Doc. 28) and Motion to Withdraw Motion for Reconsideration (Doc. 30)**

Plaintiff filed a motion asking the Court to reconsider its prior Order denying Plaintiff's Motion for Entry of Default (Doc. 27). (Doc. 28). Thereafter, Plaintiff moved to withdraw his Motion for Reconsideration (Doc. 30), which is hereby **GRANTED**. Plaintiff's Motion for Reconsideration (Doc. 28) is **WITHDRAWN**.

**Plaintiff's Motion to Supplement (Doc. 31) and Amended Motion to Supplement (Doc. 32)**

Plaintiff filed a motion asking the Court to supplement his Complaint pursuant to Federal Rule of Civil Procedure 15(d) to add allegations about his recent medical treatment and diagnosis, which he received between September 20, 2024, and January 3, 2025. (Doc. 31). Thereafter,

Plaintiff filed an Amended Motion to Supplement, which appears to include an additional exhibit of Plaintiff's recent medical treatment.[1]

Under Rule 15(d), "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  In its Scheduling Order, the Court advised Plaintiff that it does not accept piecemeal amendments. (Doc. 24).  Plaintiff was advised that any motion for leave to amend the complaint must attach the entire proposed amended complaint, and that the proposed amended complaint should stand complete on its own, including exhibits.  (*Id.*).

Here, Plaintiff did not attach a proposed amended complaint to his motions.  Accordingly, Plaintiff's Motion to Supplement (Doc. 31) and Amended Motion to Supplement (Doc. 32) are **DENIED without prejudice**.   Plaintiff is granted leave up to **May 15, 2025**, to renew his motions to supplement the Complaint.  Plaintiff is **ADVISED** that any motion for leave to amend must attach to it the entire proposed amended complaint so that the proposed amendment stands complete on its own, including exhibits.  If accepted, the amended complaint will replace the prior complaint in its entirety, so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.  Any proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined" (or redlined if using a program like Microsoft Word). SDIL-LR 15.1.

---

[1] Plaintiff's amended motion to supplement cites to Federal Rule of Civil Procedure 15(a)(1).  Rule 15(a)(1) governs amendments of pleadings as of right.  Fed. R. Civ. P. 15(a)(1).  To the extent Plaintiff cites that rule as a basis to amend his prior Motion to Supplement (Doc. 31), the Rule is inapplicable as it only relates to pleadings—not motions. To the extent Plaintiff avers that he is entitled to amend his Complaint as of right under Rule 15(a)(1), Plaintiff's argument lacks merit.  Amendments to complaints as of right are allowed within 21 days from the service of a responsive pleadings.  Here, more than 21 days have passed since the service of Defendant's Answer.  (*See* Doc. 16).

## Conclusion

For these reasons, Plaintiff's Motion to Withdraw Motion for Reconsideration (Doc. 30) is **GRANTED**, and Motion for Reconsideration (Doc. 28) is **WITHDRAWN**. Plaintiff's Motion to Supplement (Doc. 31) and Amended Motion to Supplement (Doc. 32) are **DENIED without prejudice**. Plaintiff is granted leave up to **May 15, 2025**, to renew his motions to supplement the Complaint.

**IT IS SO ORDERED.**

**DATED: April 15, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**